IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| SANDRA S., <br><br> Plaintiff, <br><br> v. <br><br> COMMISSIONER OF SOCIAL SECURITY, <br><br> Defendant. | Case No. 2:21-CV-698 <br><br> Judge Graham <br><br> Magistrate Judge Jolson |

**OPINION AND ORDER**

Plaintiff Sandra S. brings this action under 42 U.S.C. § 405(g) for review of the final decision of the Commissioner of Social Security ("Commissioner") denying her application for disability insurance benefits. This matter is before the Court for consideration of Plaintiff's March 2, 2022 objections to the February 17, 2022 report and recommendation ("R&R") of the Magistrate Judge, recommending that the Court affirm the Commissioner's non-disability determination and dismiss the matter. For the reasons stated below, the Court overrules Plaintiff's objections and adopts the Magistrate Judge's R&R.

**I.    Background**

Plaintiff protectively filed her application for Supplemental Security Income in 2014 alleging that she became disabled on June 21, 2014. The administrative law judge ("ALJ") denied her application on September 14, 2017 and the Appeals Council denied review. Plaintiff did not seek judicial review.

Plaintiff filed an application for disability insurance benefits on April 23, 2018, asserting that she became disabled on June 21, 2014, due to thrombotic thrombocytopenia purpura ("TTP"), diabetes, fibromyalgia, migraine, degenerative disc disease, depression, arthritis, sleep apnea,

1

hypertension, mood disorder, and vertigo. The application was denied initially and on reconsideration. The Appeals Counsel denied review.

Plaintiff filed the instant case appealing the Commissioner's decision on February 17, 2021. She filed a statement of errors asserting two issues: (1) the ALJ failed to properly evaluate the opinion evidence of Dr. Langan and Dr. Cataland and (2) a Separation of Powers issue renders the ALJ's decision invalid. The Magistrate Judge issued a R&R recommending that the Court affirm the Commissioner's decision.

## II. Standard of Review

If a party objects within the allotted time to a report and recommendation, the Court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b)(3). Upon review, the Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

The Court's review "is limited to determining whether the Commissioner's decision 'is supported by substantial evidence and was made pursuant to proper legal standards.'" *Ealy v. Comm'r of Soc. Sec.*, 594 F.3d 504, 512 (6th Cir. 2010) (quoting *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007)); *see also* 42 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . ."). Even if supported by substantial evidence, however, "'a decision of the Commissioner will not be upheld where the [Commissioner] fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right.'" *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009) (quoting *Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 746 (6th Cir. 2007)).

### III.     Plaintiff's Objections

Plaintiff objects to two findings of the Magistrate Judge: (A) that the ALJ considered the supportability of the medical opinion of Dr. Langan, one of Plaintiff's treating physicians, and (B) that a potential Separation of Powers argument does not require remand.

#### A.  Medical Opinion of Dr. Langan

ALJs consider specific categories of evidence, including medical opinions, when making disability determinations. *See* 20 CFR §§ 404.1513(a)(2), 416.913(a)(2). The evidentiary weight of medical opinions is determined by considering five factors: (1) supportability; (2) consistency; (3) relationship with the claimant; (4) specialization and (5) other factors. 20 C.F.R. § 404.1520c(c)(1)-(5). Supportability and consistency are the most important factors and are generally the only ones on which ALJs are required to articulate. 20 C.F.R. § 404.1520c(b)(2). Under the supportability factor, "[t]he more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be." 20 C.F.R. § 404.1520c(c)(1). "In other words, the supportability analysis focuses on the physicians' explanations of the opinion." *Hague v. Comm'r of Soc. Sec.*, No. 20-13084, 2022 WL 965027, at *2 (E.D. Mich. Mar. 30, 2022) (Cleaned up).  As for the consistency factor: "[t]he more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be." 20 C.F.R. § 404.1520c(c)(2).

Dr. Langan completed a Physical Medical Source Statement on October 30, 2018 assessing Plaintiff's abilities based on her diagnoses of diabetes, thrombotic thrombocytopenic purpura, and depression. Tr. 1455. The ALJ summarized Dr. Langan's opinion as follows:

> Dr. [Langan] [1] opined that the claimant could walk one city block. She could sit for 30 minutes at one time and stand for 30 minutes at one time. She could stand/walk for less than four hours in an eight-hour workday and could sit for less than four hours total in an eight-hour workday. She required the ability to walk every 30 minutes for ten minutes at a time. She required a job that allowed for shifting position, at will, from sitting, standing, or walking. She could rarely lift and carry less than ten pounds. She would be absent from work about two or more days per month, would be off task 25 percent of the workday, and required unscheduled breaks every one-to-two hours.

Tr. 33. As support, Dr. Langan listed that Plaintiff has TTP and an elevated A1C. Tr. 1455. The ALJ concluded that Dr. Langan's opinion was not persuasive, explaining that:

> The opinions of Dr. [Langan] are not persuasive to support work preclusive physical limitations, as they are not consistent with the objective evidence of record. Although Dr. [Langan]'s form was signed in October 2018 and indicated that he had treated [Plaintiff] since 2015, it appears that Dr. Cook more often saw [Plaintiff] in the practice, e.g. she saw Dr. Cook on October 1, 2018 and in 2019, both before and after this opinion form was provided. . . . The physical exam of Dr. Cook performed just a few weeks prior to the completion of this form was completely normal other than obesity. She reported no joint pain or shortness of breath when walking. Further, she was healthy appearing and ambulating normally. She had good judgment, a normal mood and affect, and was active and alert. She was treated for routine conditions including hypertension, hyperlipidemia, and diabetes. When she was next seen on May 17, 2019, she again reported no fatigue; a normal activity level; and no numbness, weakness, tingling, nausea, vomiting, or swelling. Her physical exam was entirely normal, with a normal gait and stance and normal sensation to monofilament. In general, she showed no pain or signs of discomfort and was healthy appearing. The same generally normal examination was noted on November 14, 2019 (Exhibits B12F/1, 3-4; B15F; and B27F/4, 9).

Tr. 33-34. The ALJ further noted that Dr. Langan's records showed Plaintiff to be more physically able than Dr. Langan's October 30, 2018 opinion suggested:

---

[1] The ALJ listed Dr. Langan's last name as Langah, but the record reflects that Dr. Langan's last name is spelled with an "n". *See, e.g.*, Tr. 1106.

4

> For example, Dr. [Langan] notes at exhibit 6F/3-5, in "review of systems," that she was negative for headache, gait disturbance, and weakness. Physical examination is normal other than obesity, she appears well, and is in no acute distress. Physical examination at Exhibit 6F/7 notes her to be uncomfortable and in pain but in no acute distress with mild obesity and no other abnormal findings.

Tr. 37

The Magistrate Judge concluded that the ALJ adequately addressed the supportability factor. She noted that Dr. Cook treated Plaintiff more frequently and that Dr. Langan's opinion conflict with both his own and Dr. Cook's notes. Doc. 22 at 16-17. Plaintiff objects to this conclusion, asserting that the Magistrate Judge conflated the supportability factor with the consistency factor.[2] She argues that the divergent opinion of Dr. Cook is not "objective medical evidence and supporting explanations" presented by Dr. Langan in support of his opinion.

The Court agrees with the Magistrate Judge that the ALJ adequately considered and articulated the supportability of Dr. Langan's opinion. The only support Dr. Langan provided for his opinion is that Plaintiff has TTP and an elevated A1C, an indicator of diabetes. The ALJ determined that "the objective evidence of record" showing Plaintiff's abilities, including both Dr. Cook's and Dr. Langan's notes, do not support that these conditions require the limitations stated in Dr. Langan's opinion. The supportability factor requires nothing more. *See Todd v. Commissioner of Social Security*, No. 1:21-CV-01006-CEH, 2022 WL 1803343, at *6 (N.D. Ohio June 2, 2022) (finding an ALJ's articulation that the explanations for a medical opinion lack support satisfies the supportability factor).

---

[2] Plaintiff concedes that the ALJ's consideration of the consistency factor is not at issue here. Doc. 23 at 3.

### B. Separation of Powers

Plaintiff contends that her constitutional rights were violated because a statute that provided tenure protection to the former Commissioner of Social Security, Andrew Saul, violated the separation of powers doctrine and, therefore, the decision to deny her benefits was made by individuals who lacked a proper delegation of power to make such determinations. The Magistrate Judge concluded that Plaintiff's argument fails for two independent reasons: (1) the claim is procedurally improper because Plaintiff failed to assert a Separation of Powers claim in her complaint and (2) the claim is meritless because the potentially unconstitutional tenure protection does not render the Commissioner's delegation of authority invalid.

Plaintiff objects to the Magistrate Judge's conclusion by refining her Separation of Powers argument, but her objections fail to address the absence of a Separation of Powers claim in her complaint. She has therefore waived the opportunity to object to the Magistrate Judge's conclusion that the claim is procedurally improper on that ground. *See* 28 U.S.C. § 636(b)(1) ("a judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."). Regardless, the Court has reviewed the R&R and agrees with the Magistrate Judge that Plaintiff's Separation of Powers argument is procedurally improper.

### IV. Conclusion

For the reasons stated above, the Court overrules Plaintiff's objections, Doc. 23, adopts and affirms the Magistrate Judge's report and recommendation, Doc. 22, and dismisses this matter. The clerk is directed to enter final judgment in this case.

6

**IT IS SO ORDERED.**

s/ James L. Graham  
JAMES L. GRAHAM  
United States District Judge

DATE: June 15, 2022